**NOT FOR PUBLICATION**

JUL 23 2020

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| THERMOLIFE INTERNATIONAL, LLC, an Arizona limited liability company,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>NETNUTRI.COM LLC, a New Jersey limited liability company,<br><br>Defendant-Appellee. | No.  19-16710<br><br>D.C. No. 2:18-cv-04248-JJT<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted July 7, 2020**
Seattle, Washington

Before:  FERNANDEZ and NGUYEN, Circuit Judges, and BOULWARE,***
District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Richard F. Boulware II, United States District Judge for the District of Nevada, sitting by designation.

ThermoLife International, LLC (ThermoLife) appeals from the district court's dismissal of its complaint against NetNutri.com LLC (NetNutri), alleging claims under section 43 of the Lanham Act,[1] common law unfair competition, and civil conspiracy for NetNutri's alleged sale of falsely advertised products that competed with products containing ThermoLife's ingredients. The district court dismissed the complaint for lack of specific personal jurisdiction, denied ThermoLife's motion to reconsider, and denied leave for ThermoLife to file a second motion to reconsider. We affirm.

ThermoLife argues that the district court erred when it held that NetNutri had insufficient contacts with the state of Arizona through its website and product sales to confer specific personal jurisdiction.[2] We disagree.

Whether the district court had personal jurisdiction over NetNutri is governed by federal due process principles. *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997). For a federal court to exercise personal jurisdiction over a nonresident defendant, the defendant must have "certain minimum contacts with [the state] such that the maintenance of the suit does not

---

[1] 15 U.S.C. § 1125(a).

[2] On appeal, ThermoLife does not argue that there was general personal jurisdiction.

offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). As relevant here, specific personal jurisdiction exists when (1) the defendant purposefully directed[3] activities towards the forum state, (2) the claims arise out of those activities, and (3) jurisdiction is reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

A defendant purposefully directs its actions towards a forum state by satisfying a three-part test derived from *Calder v. Jones*, 465 U.S. 783, 788–89, 104 S. Ct. 1482, 1486–87, 79 L. Ed. 2d 804 (1984). The *Calder* test "requires that 'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011); *see also Walden v. Fiore*, 571 U.S. 277, 286–88, 134 S. Ct. 1115, 1123–24, 188 L. Ed. 2d 12 (2014).

ThermoLife's argument rests on its allegation that NetNutri runs a website through which it has sold numerous products nationwide. But less than two

---

[3]Because ThermoLife has alleged "tort-like" claims based on "'the distribution in the forum state of goods originating elsewhere,'" we apply the purposeful direction formulation of this test, as opposed to the purposeful availment version applicable to contract actions. *See Freestream Aircraft (Berm.) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 605 (9th Cir. 2018).

3

percent of NetNutri's overall sales revenue originated from sales to Arizona customers. ThermoLife cannot establish specific personal jurisdiction through nonspecific, nationwide sales, as, in the context of this case, any contact with Arizona would be "'random, fortuitous, or attenuated.'" *See Walden*, 571 U.S. at 286, 134 S. Ct. at 1123. ThermoLife failed to demonstrate that its claims arose out of or related to NetNutri's forum state contacts. *See Schwarzenegger*, 374 F.3d at 802.

ThermoLife's allegation that NetNutri's website is "highly interactive" is likewise insufficient to show a prima facie case of specific personal jurisdiction. *See Cybersell*, 130 F.3d at 417–20. For an interactive website to confer personal jurisdiction, a plaintiff must allege "something more." *See Mavrix Photo*, 647 F.3d at 1229–31; *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002). As noted above, NetNutri's limited sales to Arizona residents are unconnected to ThermoLife's claims, and NetNutri's uncontroverted declaration rejected any other purposefully directed activities towards Arizona or its residents that could constitute sufficient contacts regarding ThermoLife's claims.[4]

**AFFIRMED.**

---

[4]Because we affirm the dismissal on personal jurisdiction grounds, we do not consider the parties' alternative arguments.

4